```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


WACKENHUT SERVICES, INC.,           :
                                    :
          Plaintiff,                :
                                    :
     v.                             :  Civil Action No. 05-0805 (JR)
                                    :
UNITED GOVERNMENT SECURITY          :
OFFICERS OF AMERICA, LOCAL 44,      :
                                    :
          Defendant.                :
```

**MEMORANDUM**

A labor union, United Government Security Officers of America, Local 44, grieved Wackenhut Services, Inc.'s discharge of one of its members from his position as a contract security officer at the Department of Justice. Wackenhut discharged the officer on January 6, 2004; the matter went to arbitration on September 17, 2004. Wackenhut alleges that it made several objections to the arbitration, including an objection that the discharge was not arbitrable because Wackenhut had acted in "adherence to a request of the Government." Collective Bargaining Agreement, Art. 7, § 3(e)(ii), Dkt. #11-2. The arbitrator determined that the grievance was indeed arbitrable, found that the officer had been discharged without cause and in violation of the CBA, ordered him reinstated and made whole for lost wages and benefits, and ordered that his record be expunged. Rather than comply, Wackenhut filed suit to vacate the award.

Wackenhut's procedural objections to arbitrability -- that the union did not properly file a written grievance or notify Wackenhut of its demand for arbitration, Dkt. #17-3, Dkt. #17-4 -- are easily disposed of.  Procedural questions concerning arbitrability are for the arbitrator to decide, and not the courts.  John Wiley & Sons v. Livingston, 376 U.S. 543, 557 (1964).  Judicial review of the arbitrator's decision on procedural matters is extremely deferential.  Courts review such decisions for abuse of discretion -- the standard is "egregious deviation from the norm."  Sanders v. Washington Metro Area Transit Auth., 819 F.2d 1151, 1157 (D.C. Cir. 1987).  Here, the arbitrator squarely addressed Wackenhut's procedural objections and resolved them in the union's favor.  His findings did not abuse his discretion and will not be disturbed.

A more difficult question is whether, because the DOJ directed that the officer, after his discharge, not be assigned to its contract again, the CBA's terms excluded the grievance from arbitration.  Here, Wackenhut seeks to bring the case under the rubric of "substantive arbitrability," John Wiley & Sons v. Livingston, 376 U.S. at 558, arguing that it was not required to arbitrate a matter that the CBA had designated as non-arbitrable.

Wackenhut's "substantive arbitrability" argument suffers from two problems.  First, although the law on this point is not firmly established in this Circuit, it appears that

Wackenhut waived its arbitrability objection, see Madison Hotel v. Hotel & Rest. Employees, Local 25, AFL-CIO, 144 F.3d 855 (D.C. Cir. 1988) (Henderson, J., concurring in judgment) -- or, at least, that Wackenhut has failed to establish that it made and preserved its objection.  The record is hazy.  Wackenhut's lawyer executed an affidavit stating that he directly informed the arbitrator "during the hearing" of his position "that he had no jurisdiction to decide the matter because DOJ had notified WSI that Jenkins was barred from employment as a security officer with DOJ and his security clearance under the WSI-DOJ contract was no longer valid."  Dkt. #14-2.  That, however, is the only evidence in the record that supports Wackenhut's position,[1] and it is seriously undercut by Wackenhut's post-arbitration briefs, neither of which cite DOJ's refusal to rehire or Wackenhut's "adherence to the request of the Government" as bars to arbitrability.

The cases from other Circuits, collected in Judge Henderson's concurring opinion in Madison Hotel, supra, support the proposition that "because arbitrators derive their authority from the contractual agreement of the parties, a party may waive its right to challenge an arbitrator's authority to decide a matter by voluntarily participating in an arbitration and failing

---

[1] Oddly, neither side provided a transcript of the arbitration proceeding.

to object on the grounds that there was no agreement to arbitrate."  Jones Dairy Farm v. Local No. P-1236, United Food & Commercial Workers Int'l Union, 760 F.2d 173, 175 (7th Cir. 1985), cert. denied, 474 U.S. 845 (1985); George Day Constr. Co. v. United Bhd. of Carpenters & Joiners of Am., Local 354, 722 F.2d 1471, 1475-76 (9th Cir. 1984); Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Local No. 1, 611 F.2d 580, 584 (5th Cir. 1980).

The second problem with Wackenhut's "substantive arbitrability" argument is that, whether or not it was waived, it lacks solid support in both the record and the language of the CBA.  Before the arbitration hearing, Wackenhut's counsel addressed a letter to the contracting officer at DOJ asking (in a leading question) whether the government would be "exercising [its] option to refrain from having [the officer] work on this contract."  Dkt. #14-4, letter of August 4, 2004.  The DOJ responded on September 13, four days before the arbitration hearing, noting that "[t]hough the Government was not the entity that dismissed JPSO Jenkins, [it] has come to the conclusion that they do not want JPSO Jenkins to be assigned to the DOJ guard contract. . . ."  Hours later, prompted by an e-mail from Wackenhut counsel, the government repeated that it had not fired the officer, but nevertheless invoked its contract right and

- 4 -

called for his immediate removal from the government contract. Id., e-mails of September 13, 2004.

Under the CBA, Wackenhut employees cannot grieve actions that result from Wackenhut's "adherence to a request of the Government."  CBA Art. 7, § 3(e)(ii), Dkt. #11-2.  Here, although the Government did confirm, four days before the arbitration hearing, that the officer should be removed from the DOJ contract, it was at pains to state that it did not make the decision to discharge him.  Correspondence between Wackenhut's counsel and the DOJ's contracting officer just prior to the arbitration hearing reveals a dynamic that may be fairly paraphrased as follows:

> Q (by Wackenhut):  Will you be exercising your option to refuse to take the security officer back?
>
> A (by DOJ):  We were not the ones to fire him.  Since you ask, however, no, we don't want him reassigned to the DOJ.
>
> Q:  So I'm removing him from the contract, do you agree?
>
> A:  He is to be removed from the contract.

This colloquy more closely resembles the government's acquiescing to Wackenhut's suggestion than Wackenhut "adher[ing] to a request of the Government."  If Wackenhut presented this arbitrability argument to the arbitrator (which the record does not establish that it did), the arbitrator was well within his discretion to reject it.

- 5 -

Wackenhut submits, in the alternative, that I should vacate at least that portion of the arbitrator's award reinstating the officer and giving him backpay, because the DOJ's decision makes reinstatement impossible, and because the CBA appears to make awards of backpay, like reinstatement, "subject to the Government permitting the employee to return to work." CBA Art. 7, § 3(e)(viii), Dkt. # 11-2. The arbitrator, and not this court, is best situated to decide whether reinstatement is possible (or ever was); when it became impossible (if it did); and what the applicable dates for backpay should be (if any). It may be that the officer will only be entitled to backpay for the period of time between his discharge and the DOJ's formal refusal to take him back, but, if that is to be the ruling, the date of DOJ's formal action must be pinpointed. The award must accordingly be resubmitted to the original arbitrator for interpretation or amplification. See Green v. Ameritech, 200 F.3d 967, 977 (6th Cir. 2000); CWA v. AT&T Co., 903 F.Supp. 3, 6 (D.D.C. 1995).

Because an order for remand or resubmission should be self-executing and probably will require no further action by this Court, it seems appropriate to decide the pending motions in a way that closes this case. If further rulings should become necessary, a motion to reopen these proceedings will be entertained.

- 6 -

      \*  \*  \*  \*

An appropriate order accompanies this memorandum.


           JAMES ROBERTSON
        United States District Judge